IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH E. ADAMS,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

Civil Case No. 2:13-CV-234
Criminal Case No. 2:10-CR-133

Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  This matter is before the Court on the instant motion, Respondent's *Return of Writ,* Petitioner's *Traverse*, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* this action as barred by the one-year statute of limitations (ECF No. 32) be **GRANTED** and that this action be **DISMISSED.**

**Facts and Procedural History**

Petitioner was convicted of three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) as a result of his negotiated *Plea Agreement*.  (ECF No. 14.)  In a *Judgment Entry* filed on January 12, 2011, the Court imposed an aggregate term of 140 months imprisonment.  (ECF Nos. 24, 25.)  Petitioner did not file an appeal.

On March 11, 2013, more than two years later, he filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  He asserts that he was denied effective assistance of counsel during the plea negotiations because his attorney failed to advise him his sentence would be enhanced due to his status as a career offender.  Petitioner states that, had he

known of the potential sentence he faced, he would not have pleaded guilty, but would have proceeded to trial.  He asserts that his guilty plea was not knowing, intelligent or voluntary on this basis.  Additionally, he asserts he was denied effective assistance of counsel because his attorney failed to file an appeal after being requested to do so.  Petitioner acknowledges that his § 2255 is untimely, but contends that equitable tolling of the statute of limitations is warranted based on counsel's assurances that he would file an appeal, and Petitioner's lack of knowledge that the appeal had not been filed.  *See Petition*, PageID #72; 74.  It is the position of the Respondent that this action is time-barred.

**Statute of Limitations**

A one-year statute of limitations applies to the filing of federal habeas corpus petitions. 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not file an appeal after the Court entered the judgment on January 12, 2011. Therefore, his conviction became final under § 2255(f)(1) in late January 23, 2011, that is, when the time period expired to file an appeal. *See Sanchez–Castellano v. United States,* 358 F.3d 424, 425 (6th Cir. 2004)(holding that one-year statute of limitations period for filing motion to vacate began to run, with respect to federal defendant who did not seek a direct appeal of conviction, ten days after entry of judgment of conviction). The statute of limitations expired one year later in January 2012. Petitioner waited another year, until March 1, 2013, to execute his § 2255 petition. (ECF No. 29.)

Petitioner, however, argues that equitable tolling of the statute of limitations is appropriate or alternatively that his § 2255 petition is timely under the provision of 28 U.S.C. § 2255(f)(4). *See Petition; Traverse.* This Court is not persuaded by Petitioner's argument. *See Moore v. United States,* 438 F. App'x. 445, 2011 WL 3930277, at *2-3 (6th Cir. Sept. 7, 2011)(rejecting the latter argument)(citation omitted).

As to his assertion that this Court should apply equitable tolling, a federal habeas court may toll the running of the statute of limitations "'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014)(quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). "[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control.*"*

*Id.* at 560–61. In order to obtain equitable tolling of the statute of limitations, the Petitioner must establish both that he has diligently pursued his rights and that "some extraordinary circumstance" prevented his timely filing. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citations omitted). Petitioner's *pro s*e incarcerated status and limited access to the prison's law library do not constitute extraordinary circumstances justifying equitable tolling of the statute of limitations. *See Lathan v. Warden Southeastern Corr. Inst.*, No. 2:11–cv–302, 2012 WL 368048 (S.D. Ohio Feb. 3, 2012) (reaching same conclusion).

The record lacks any indication that Petitioner exercised diligence in pursuing his claim(s) such that this action is timely. Likewise, the record fails to reflect that Petitioner was unable to discover the factual predicate for his claims of ineffective assistance of counsel such that this action is timely. *See Fuller v. United States*, No. 1:06-CV-3101, 2009 WL 1974940, at *6 n. 54 (N.D. Ohio July 7, 2009)(citing *Donawa v. United States,* No. 1:06–cv–518, 2007 WL 1063571, at *4 (W.D. Mich. April 9, 2007) (filing § 2255 eleven months late allegedly due to failure of appellate counsel to file an appeal does not show diligence); *Beltran–Sosa*, 2007 WL 854810, at *4 (Petitioner's "failure to monitor his case" while one-year limitations period elapsed does not support equitable tolling); *Fitts v. Eberlin,* No. 5:08–cv–660, 2009 WL 1047052, at *6 (N.D. Ohio April 17, 2009) (where record shows "no justification" for waiting "more than a year" after expiration of limitations period before taking action, equitable tolling not applicable) (case arising under analogous 28 U.S.C. § 2254); *see also United States v. Singh*, 1:08-CR-119-3, 2011 WL 2680767, at *3 (W.D. Mich. July 8, 2011)(even assuming defense counsel impeded the pursuit of the direct appeal, the Petitioner must show that his attorney obstructed pursuit of this collateral action to obtain equitable tolling of the statute of limitations)(citations omitted). In *Stearns v. United States*, No. 04-50018; 06-CV-1406, 2007 WL 3037746, at *6 (W.D. Mich. July

8, 2011), a federal district court rejected the same argument raised by Petitioner herein, holding in relevant part as follows:

> In another similar case, a petitioner alleged "that his court-appointed attorney provided ineffective assistance by failing to file a timely direct appeal upon being requested to do so by Defendant." *United States v. Simmons*, 2007 WL 1139578, at *1-2 (E.D. Mich. 2007). Yet, the district court held that the
>
>> one-year period of limitation applies to all motions filed under 28 U.S.C. § 2255. In this case, Defendant's one year period to file his § 2255 motion expired on May 15, 2006, one year and ten days after the May 2, 2005, entry of his judgment. Having filed his motion on November 27, 2007, Defendant's motion came more than six months after that deadline had expired, and is untimely under § 2255.
>
> *Id*. (footnotes omitted). *See also Duncan v. United States*, 2007 WL 540787, at *1 (E.D. Tenn. 2007) (Section 2255 motion filed three years after statute of limitations is time-barred despite petitioner's "claims he directed counsel to file a direct appeal but counsel failed to abide by his instructions*."); Donawa v. United States,* 2007 WL 1063571, at *2 (W.D. Mich. 2007) (Petitioner's § 2255 was untimely where "motion was filed on or about July 14, 2006, more than eleven months after the statute of limitations had expired," despite his "claim that his attorney failed to file an appeal despite having been expressly instructed to do so by Movant."); *Phillips v. United States*, 2005 WL 3107727, at *2 (W.D. Mich. 2005) (Section 2255 motion is time-barred and equitable tolling does not apply where petitioner waited over six years to file despite contentions "that his Petition was filed late because his attorney misled him regarding the time requirements for filing an appeal and a § 2255 motion.").

*Id*. at *5-6. The Court in *Stearns* reasoned, as does this Court, that the record reflected neither diligence on Petitioner's part nor any extraordinary circumstances prevented his timely filing. *Id*. at *6. Moreover, the Court notes that Petitioner alleges in his *Petition* that he learned shortly after the time period had expired to file the appeal that his attorney had "forgotten" to do so. *Petition,* PageID  # 74.  In his *Traverse,* however, Petitioner contends that he did not learn that

his attorney had not filed an appeal until shortly before the filing of this habeas corpus petition. *Traverse,* PageID #180.  This latter contention, therefore, is unworthy of credit.

**WHEREUPON**, for all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. No. 32, be **GRANTED** and that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date:  September 26, 2014