UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Joseph E. Adams,

    Petitioner,

v.

United States of America,

    Respondent.

Civil Case No. 2:13–cv–234
Criminal Case No. 2:10–cr–133

Judge Michael H. Watson
Magistrate Judge Deavers

## OPINION AND ORDER

On September 26, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations. ECF No. 38. Petitioner objects. ECF No. 40. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the following reasons, Petitioner's objection is **OVERRULED**, the R&R is **ADOPTED** and **AFFIRMED**, and this action is **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).

This case involves Petitioner's January 12, 2011 conviction on three counts of bank robbery. The trial court imposed a sentence of 140 months' imprisonment. Petitioner did not file an appeal. On March 11, 2013, more than two years later, he filed the instant habeas corpus petition.

Under the provision of 28 U.S.C. § 2255(f)(1), which provides that the statute of limitations begins to run on the date on which the judgment of conviction becomes final, *i.e.*, the date on which the time period expired to file an appeal, this case plainly is time-barred. Petitioner, however, objects to the Magistrate Judge's recommendation of dismissal of his § 2255 petition as untimely.

Petitioner objects to the Magistrate Judge's discussion regarding whether equitable tolling applies. He argues that this habeas corpus petition is timely under § 2255(f)(3), which provides that the statute of limitations begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Specifically, Petitioner asserts that his claim of ineffective assistance of counsel relies on the Supreme Court's March 21, 2012, decision in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), and he filed his petition on March 11, 2013, within one year of that date. Objection, ECF No. 40, PAGEID ## 198–99.

"[E]very . . . circuit to consider the issue [has held that] neither *Frye* nor *Cooper* created a 'new rule of constitutional law' made retroactive to cases on collateral review by the Supreme Court." *In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013) (citing *In re Graham,* 714 F.3d 1181, 1183 (10th Cir. 2013) (*per curiam*); *Gallagher v. United States*, 711 F.3d 315, 315–16 (2d Cir. 2013) (*per curiam*); *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (*per*

*curiam*); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (*per curiam*); *Hare v. United States*, 688 F.3d 878, 879, 881 (7th Cir. 2012))[1]

---

[1] *See also Stovall v. United States*, No. 1:12–cv–377, 1:02–cr–32, 2013 WL 392467, at *2–3 (E.D. Tenn. Jan. 31, 2013) (same), citing the following cases:

> *See e.g., United States v. Lawton*, 2012 WL 6604576, at *3 (10th Cir. Dec.19, 2012) (neither case announced a newly recognized right); *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012) (neither *Frye* nor *Lafler* decided a new rule of constitutional law); *In re King*, 697 F.3d 1189 (5th Cir. 2012) (*per curiam*) (denying authorization to file successive § 2254 petition noting "that *Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context"); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012) (noting these decisions were merely an application of the *Strickland v. Washington* and *Hill v. Lockhart* tests as the Supreme Court "repeatedly and clearly spoke of applying an established ruled to the present facts); *In re Perez*, 682 F.3d 930, 933 (11th Cir. 2012) ("*Lafler* and *Frye* are not new rules because they were dictated by *Strickland*").

*Id.; see also Smith v. United States*, No. 1:13–cv–302, 2013 WL 3490662, at *2 (W.D. Mich. July 11, 2013) (same), citing the following cases:

> Appellate and district courts that have considered the question unanimously agree that *Lafler* and *Frye* did not recognize a new right. These courts reason that *Lafler* and *Frye* merely considered the Sixth Amendment right to counsel in a fact-specific context. *In re Perez*, 682 F.3d 930, 933 (11th Cir. 012) (per curiam) ( "*Lafler* and *Frye* are not new rules because they are dictated by *Strickland*." ); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir.2012) (noting that the language in *Lafler* and *Frye* repeatedly spoke of "applying an established rule to the present facts"); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam) ( "*Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth

This Court likewise concludes that the Supreme Court's decision in *Lafler* does not apply retroactively to cases on collateral review. Accordingly, this action cannot be considered timely under the provision of § 2255(f)(3).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons and for the reasons detailed in the R&R, Petitioner's objection, ECF No. 40, is **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**, and this action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

Amendment right to counsel to a specific factual context."); *Buenrostro v. United States,* 697 F.3d 1137, 1139 (9th Cir.2012) (holding that *Lafler* and *Frye* did not create a new constitutional rule); *Gallagher v. United States,* 711 F.3d 315, 315 (2nd Cir.2013) (per curiam) ("Neither *Lafler* or *Frye* announced a 'new rule of constitutional law' ...."); *United States v. Ocampo,* WL 317621, —— F.Supp.2d —— (E.D. Mich.2013) ("The right recognized by the Supreme Court in *Lafler* v. *Cooper* and *Missouri v. Frye* did not announce a 'newly recognized' right made retroactively applicable to cases on collateral review.").

*Id.*